**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

ONOFRE SANCHEZ, a/k/a Alvaro
Sanchez,

　　　　　*Defendant-Appellant.*

No. 01-4507

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-58)

Submitted: March 20, 2002

Decided: April 15, 2002

Before WILKINS, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville,
North Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Harry L. Hobgood, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Onofre Sanchez appeals his conviction, pursuant to a his guilty plea, for possession with intent to distribute cocaine hydrochloride, 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B) (West 1999), and possession of a firearm during a drug trafficking crime, 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2000), and his sentence to two consecutive terms of sixty months incarceration followed by two concurrent five year terms of supervised release. Sanchez's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he represents there are no arguable issues of merit in this appeal. Nevertheless, counsel argues Sanchez received ineffective assistance of counsel because his attorney at sentencing failed to move for downward departure pursuant to *U.S. Sentencing Guidelines Manual* § 5K2.0 (2000), based on Sanchez's reputation, prior to these convictions, as a law-abiding family man. Sanchez filed a pro se supplemental brief in which he raises this same issue and also claims his status as a foreign national renders his guilty plea invalid because the district court failed to afford him the opportunity to speak with his embassy. Finding no reversible error, we affirm.

We find Sanchez is not entitled to relief on his ineffective assistance of counsel claim. Claims of ineffective assistance generally are not cognizable on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. King*, 119 F.3d 290, 295 (4th Cir.), *cert. denied*, 531 U.S. 1193 (2001). Because the record in this case does not conclusively show counsel was ineffective, we will not consider this issue on direct appeal.

Sanchez also claims his status as a foreign national renders his plea invalid because he should have been afforded the opportunity to consult with his embassy. Specifically, Sanchez contends he should be allowed to withdraw his guilty plea because the district court failed

to inform him of his rights under the Vienna Convention on Consular Relations. We will not consider this issue as it is raised for the first time on appeal. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

In accordance with *Anders*, we have examined the record for any other potentially meritorious issues and found none. We therefore affirm Sanchez's convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*